UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **GEORGE THERIOT ET AL** | **CASE NO. 2:21-CV-01686** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CENTAURI NATIONAL INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is a Motion to Dismiss for Lack of Jurisdiction [Doc. 10] filed by defendant Centauri National Insurance Co. Plaintiff George Theriot has filed a response [Doc. 12] stating that he does not oppose the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

### BACKGROUND

Plaintiff George Theriot filed a Complaint for Damages and Breach of Insurance Contract related to alleged damages associated with Hurricane Laura and Hurricane Delta. Doc. 1. Plaintiff's complaint alleges that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship. *Id.* In his complaint, Plaintiff alleged that Centauri National Insurance Co. ("Centauri") is a Florida citizen. Centauri now files this Motion to Dismiss for Lack of Jurisdiction claiming that no diversity exists as both parties are Louisiana domiciliaries. Doc. 10.

Plaintiff states that he asserted Centauri was a foreign domiciliary based on incorrect information obtained from the Louisiana Department of Insurance Online Services Active Company Search. Doc. 12 He later discovered that the registered agent indicated in the

search was Centuari's previous agent for service of process and not the current agent for service of process. *Id.*

On October 4, 2021, Plaintiff's counsel obtained the current and recorded version of defendant Centuari's Articles of Incorporation, as well as the Certificate of Authority provided by the Louisiana State Commissioner of Insurance. *Id.* Based on this information, Plaintiff filed his petition for Damages and Breach of Insurance Contract in Louisiana State Court, Fourteenth Judicial District Court, Parish of Calcasieu. *Id.* Accordingly, Plaintiffs does not oppose Centuari's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

## LAW & APPLICATION

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.,* 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.)   *cert. denied,* 454 I/S/ 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance

of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans,* 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

In the instant case, Plaintiffs do not oppose the Motion to Dismiss for Lack of Subject Matter Jurisdiction. As both parties are Louisiana domiciliaries, there is not complete diversity as required for diversity jurisdiction. Accordingly, this matter will be dismissed from this Court for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, the Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 10] will be **GRANTED**. Accordingly, the claims against Centauri National Insurance Company will be **DISMISSED WITHOUT PREJUDICE.**

**THUS DONE AND SIGNED** in Chambers on this 28th day of December, 2021.

                                         **JAMES D. CAIN, JR.**
                                 **UNITED STATES DISTRICT JUDGE**